No. 14870

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

CHARLOTTE TAYLOR PRICE,

Plaintiff and Appellant,

-vs-

RUDOLPH L. ZUNCHICH, his wife if any,
and RAYMOND E. BAUER, his wife if any,

Defendants and Respondents.

Appeal from: The District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Warden, Christiansen and Johnson, Kalispell,
Montana
Gary R. Christiansen argued, Kalispell, Montana

For Respondents:

Robert J. Emmons argued, Great Falls, Montana

Submitted: May 23, 1980

Decided: JUN 24 1980

Filed: JUN 24 1980

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is a quiet title action brought in the District Court Eleventh Judicial District, Flathead County, by Charlotte Taylor Price against Rudolph L. Zunchich and Raymond E. Bauer. Trial was held in District Court without a jury, and judgment was rendered against Price and in favor of Bauer and Zunchich. Price appeals from those portions of the judgment which quiet title to the disputed land in favor of Bauer and Zunchich and which orders Price to remove a fence she had built on that land.

This cause involves two tracts of property owned by the respective parties and located on Lake Five, near West Glacier, Montana. The Bauer-Zunchich tract is immediately north of the Price tract. The Bauer-Zunchich chain of title specifies the common boundary as "East . . . to a point on the Westerly boundary of the county road." The Price chain of title calls out the common boundary as "Northeasterly 620 feet."

Both tracts can be traced back to a common title. After acquiring Government Lot 6 in 1928, Fred and Evelyn Parker began selling portions of that Lot using Lake Five as the west boundary and the county road as the east boundary. The descriptions in all the various deeds begin at the northwest corner of Lot 6 and call out the westerly boundary of Lake Five in specific footage.

On April 8, 1940, the Bauer-Zunchich tract was conveyed by the Parkers to John Sloan. By way of mesne conveyances, the Bauer-Zunchich tract was transferred to Charles Corbett, who in turn sold the tract to Bauer and Zunchich on October 29, 1957. The Price tract, on the other hand, was conveyed by quitclaim deed from Evelyn Parker, then the sole owner,

to C. W. McKerr in 1945.  The tract eventually was distributed in probate to Price on October 3, 1967.

At some point, Price decided to build a new home on her tract.  Standing at a point on the shore of Lake Five which all parties agree to be a common point, Price took a compass reading which allegedly showed Zunchich's improvements encroached upon Price's property.  Price retained a registered land surveyor, M. L. Haiges, who prepared a certificate of survey.  Rather than using the northeast course specified in the Price chain, Haiges used a course of "East 620 feet, more or less, from the point of beginning" which is specified in the Bauer-Zunchich chain.  If the northeast course is used, the description in the Price deed will not close.

After Haiges finished his survey, Price built a fence within the property claimed by her and south of the boundary line as established by Haiges.  This was done without the consent of Bauer and Zunchich and for the purpose of claiming ownership of the property.

Using the Haiges survey, there were still encroachments by Zunchich's improvements.  Negotiations between Price, Bauer and Zunchich failed.  Consequently, in December 1976, Price filed this cause to determine the proper boundary line, to quiet title to the disputed land and to force the removal of the alleged encroachments.  The answer of Bauer and Zunchich also sought title to the disputed land and sought damages for the fence built by Price.

Three separate surveys were conducted prior to trial, one by Haiges for Price, one by Lewis Fontana for Bauer and Zunchich, and one by Dean K. Marquardt for Mrs. Corbett.  All three surveys produced a different result.

The trial began September 5, 1978, and was completed on November 21, 1978.  On February 16, 1979, the District Court

-3-

filed the findings and conclusions. Five days later, the District Court entered its judgment, and the notice of entry of judgment was given the following day.

The District Court found the Fontana survey reflected the true boundary line. Accordingly, title to the disputed land was quieted in Bauer and Zunchich. The judgment also ordered Price to remove a portion of the fence she had built on the disputed land.

On March 12, 1979, Price filed motions (1) for an order vacating and amending the findings, conclusions and judgment of the District Court; (2) for a new trial; (3) for permission to present additional testimony by registered surveyors; and (4) for a nunc pro tunc order finding the Haiges survey as establishing the proper common boundary line. A hearing on the motions was set for April 20, 1979.

On March 23, 1979, the District Court by its own motion vacated the judgment of February 21 and the findings and conclusions supporting that judgment pending the hearing on Price's motions. In a memorandum appended to the order, the District Court manifested its intention to protect the parties' rights to appeal. The District Court made it clear that no judgment should be deemed to have been entered in this cause.

On April 20, 1979, the District Court entered an order denying all of Price's motions. The order ended by stating, "the parties' individual rights for notice of appeal . . . shall follow the judgment and notice rendered and entered by the Court this date." Price's notice of appeal was given on May 4, 1979.

The general issue raised by Price is whether the District Court's judgment is supported by substantial evidence.

-4-

Specifically, Price objects to the District Court's rejection of the Haiges survey, allowing Zunchich and Bauer to maintain improvements on the disputed land and the order requiring removal of Price's fence.

We do not have jurisdiction to determine this issue. Price's notice of appeal was not timely, and Price did not take any action which would suspend the time limits for an appeal. Rule 6(c), M.R.Civ.P., and Rule 5, M.R.App.Civ.P. Consequently, Price's appeal must be dismissed.

Under Rule 5, M.R.App.Civ.P., the time for filing a notice of appeal may be suspended by certain timely post-trial motions. Here, however, Price's post-trial motions were without effect to extend the time limits for a notice of appeal. Motions to amend the findings and judgment and for a new trial would be barred by the ten day limitation on such motions. Rules 52(b), 59(b) and (g), M.R.Civ.P. The notice of entry of judgment was filed here on February 22, 1979, and Price's motions were filed on March 12, 1979. Additionally, Price did not assert the proper grounds for a new trial in a bench trial. Sections 25-11-102 and 25-11-103, MCA.

A District Court may also suspend the time for a notice of appeal up to an additional thirty days upon a showing of excusable neglect. Rule 5, M.R.App.Civ.P. Here, however, Price made no motion alleging excusable neglect, no showing of such neglect and no showing an injustice would otherwise result. Moreover, even assuming excusable neglect here, Price's time for appeal ran out on April 26, 1979, sixty-three days from February 22, 1979. Yet, Price mailed her notice of appeal on May 4, 1979, and under Rule 5(b), M.R.Civ.P., service by mail is complete upon mailing.

-5-

On March 23, 1979, the District Court vacated its judgment pending the hearing on Price's post-trial motions. Since Price's motion was without effect, the District Court had no power to enter the above order. A District Court may amend judgments at any time to make them express what was actually decided. However, once a judgment has been rendered as intended, it is final and must stand until corrected by some statutory method, generally by a timely motion for new trial or an appeal. State ex rel. Smith v. District Court (1919), 55 Mont. 602, 605-06, 179 P. 831, 833.

We stress here that the time limits for an appeal are mandatory and jurisdictional. An appellant has a duty to perfect an appeal in the manner and within the time limits provided by law. Absent such compliance, this Court does not acquire jurisdiction to entertain and determine an appeal. Snyder v. Gomenginger (1979), ____ Mont. ___, 600 P.2d 171, 172-73, 36 St.Rep. 1426, 1427.

Bauer and Zunchich have moved under Rule 32, M.R.App.Civ.P., for damages to be awarded in their favor and against Price. We find this attempted appeal to have been taken in good faith although not timely. Consequently, we will not assess damages for a frivolous appeal.

In passing, we note that Price could not be granted any relief even if we had jurisdiction to entertain this appeal.

The District Court was not bound to establish the boundary line as shown by the Haiges survey. The conflicting testimony of Haiges and Fontana created a question of fact for the District Court, the trier of fact here, and it was within the District Court's province to resolve that issue against Haiges so long as its choice was supported by substantial credible evidence. Rule 52(a), M.R.Civ.P.

The District Court was in a peculiarly advantageous position to judge the effect of the testimony of the witnesses.

-6-

The surveyors gave the District Court first impressions by pointing out how a definite location of the proper boundary line could be determined. Before the District Court's presumptively correct judgment can be impeached, it must clearly be shown some fact was arbitrarily determined by the District Court. Stephens v. Hurly (1977), 172 Mont. 269, 279, 563 P.2d 546, 552. This was not done here.

Price having failed to file a timely notice of appeal from the decision of the District Court, Eleventh Judicial District, Flathead County, granting judgment in favor of Bauer and Zunchich:

IT IS HEREBY ORDERED:

1. Price's appeal is dismissed under Rule 5, M.R.App. Civ.P.

2. This Court being satisfied from the record and the presentation of the appeal that the same was taken in good faith although not timely, the motion of Bauer and Zunchich for damages to be awarded in their favor under Rule 32, M.R.App.Civ.P., is denied.

3. The Clerk is directed to mail a true copy of this opinion and order to counsel of record for all parties.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-