WARREN STUART MAHAFFEY AND KRISTINA MAHAFFEY, APPELLANTS AND CROSS-RESPONDENTS, v. INVESTOR'S NATIONAL SECURITY CO., AND MORTGAGE FINANCE CORPORATION, RESPONDENTS AND CROSS-APPELLANTS.

No. 17143

October 8, 1986                    725 P.2d 1218

*Peter L. Flangas,* Las Vegas, for Appellants and Cross-Respondents.

*Jolley, Urga, Wirth and Woodbury,* Las Vegas, for Respondents and Cross-Appellants.

## OPINION

*Per Curiam:*

This is an appeal from a final judgment of the district court entered on November 19, 1985. Respondents served appellants by mail with written notice of entry of the judgment on November 21, 1985. On December 20, 1985, appellants filed a timely notice of appeal. Respondents filed a notice of cross-appeal on January 6, 1986. It is apparent that respondents' notice of cross-appeal was not timely.[1]

---

[1] By alternative methods of counting, respondents conclude that their notice of cross-appeal was timely. These methods of counting ignore the express terms of NRAP 26(a). Respondents' attorney was personally served

Appellants have moved to dismiss respondents' cross-appeal on the grounds that respondents' notice of cross-appeal was untimely. Appellants contend that a timely notice of cross-appeal is mandatory and jurisdictional. We agree.

Although this court has not directly addressed the issue of whether a timely notice of cross-appeal is jurisdictional, we have clearly held that a timely notice of appeal is jurisdictional. *See* Zugel v. Miller, 99 Nev. 100, 659 P.2d 296 (1983).

Respondents contend, however, that federal courts have determined that a timely notice of cross-appeal is merely a proper procedure, rather than a mandatory jurisdictional rule.[2] *See* Bryant v. Technical Research Co., 654 F.2d 1337, 1341 (9th Cir. 1981); Scott v. University of Delaware, 601 F.2d 76, 83 (3rd Cir.), *cert. denied,* 444 U.S. 931 (1979); Grunin v. International House of Pancakes, 513 F.2d 114, 126 n.12 (8th Cir.), *cert. denied,* 423 U.S. 864 (1975). We note, however, that equally persuasive federal authority supports our conclusion that a timely notice of cross-appeal is jurisdictional. *See* Savage v. Cache Valley Dairy Ass'n, 737 F.2d 887, 889 (10th Cir. 1984); Martin v. Hamil, 608 F.2d 725, 731 (7th Cir. 1979); Richland Knox Mutual Insurance Company v. Kallen, 376 F.2d 360, 364 (6th Cir. 1967).

NRAP 3(a) provides that an appeal "shall be taken by filing a [timely] notice of appeal . . ." and that "[f]ailure of an appellant to take any step *other than the timely filing of a notice of appeal* does not affect the validity of the appeal. . . ." (Emphasis added.) NRAP 4(a) provides that "[i]f a timely notice of appeal is filed by a party, any other party may file and serve *a notice of appeal* within fourteen (14) days. . . ." (Emphasis added.) Finally, NRAP 26(b) provides that "the court may not enlarge the time for filing a notice of appeal." These rules establish that every

---

with a copy of appellants' notice of appeal on December 20, 1985. Therefore, respondents' notice of cross-appeal was due on January 3, 1986. *See* NRAP 4(a); NRAP 26(a).

[2]Appellants argue that the federal cases are not probative because the federal rules of appellate procedure differ significantly from the Nevada rules. Specifically, appellants note that the time for filing a notice of appeal to a federal circuit court of appeals may be extended for good cause shown. *See* Fed.R.App. P. 4(a)(5). While it is true the time period may be extended for a period of ten (10) days, the period may be extended only pursuant to a timely motion filed not later than thirty (30) days after the expiration of the time prescribed for commencing an appeal. Further, a timely notice of appeal is jurisdictional in the federal courts, *see* Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 264 (1978), and the time for filing a notice of appeal cannot be enlarged by a federal court except as specifically authorized by law. *See* Fed.R.App. P. 26(b). Therefore, the federal rules do not differ significantly from the Nevada rules.

appeal, including a cross-appeal, must be commenced by the filing of a timely notice of appeal. In addition, we note that, pursuant to NRAP 28(h), in the case of multiple appeals, the plaintiff below is designated appellant, whether or not he filed the first notice of appeal (unless otherwise agreed by the parties or directed by the court). It therefore makes little sense to determine that a first notice of appeal is jurisdictional, but that subsequent notices of appeal need not be timely. We conclude that a timely notice of cross-appeal is jurisdictional with respect to the cross-appeal. *See* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.11[5] at 4-62 & n.18 (2d ed. 1985).

We have considered respondents' remaining contentions and we conclude that they lack merit. Accordingly, because respondents failed to file a timely notice of cross-appeal, we grant appellants' motion and we dismiss respondents' cross-appeal.[3]

SPRINGER, A. C. J., and GUNDERSON, STEFFEN, and YOUNG, JJ., concur.

---

[3]THE HONORABLE JOHN C. MOWBRAY, Chief Justice, voluntarily recused himself from consideration of this case and did not participate in the disposition of this motion.