No. 88-501

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989


DONALD J. TIGART,
        Plaintiff and Respondent,
   -vs-
RICHARD J. THOMPSON,
        Defendant and Appellant,

DOUGLAS C. BROOKINGS,
        Plaintiff and Respondent,
   -vs-
DICK THOMPSON,
        Defendant and Appellant.
RICHARD J. THOMPSON,
        Third-Party Plaintiff and Appellant,
   -vs-
DONALD J. TIGART,
        Third-Party Defendant and Respondent.


APPEAL FROM:  District Court of the Ninth Judicial District,
             In and for the County of Pondera,
             The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lon T. Holden; Jardine, Stephenson, Blewett & Weaver,
        Great Falls, Montana

    For Respondent:

        Erik B. Thueson, Helena, Montana
        Patricia O'Brien Cotter; Cotter & Cotter, Great Falls,
        Montana


Submitted on Briefs: April 27, 1989

Decided: June 6, 1989

Filed:

_____
               Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is an appeal from an order of the District Court, Ninth Judicial District, granting plaintiffs Brookings and Tigart a new trial, granting them certain attorney fees and costs and ordering the production of an investigative file in the possession of defendant's insurance carrier. Defendant in the action below, Richard J. Thompson, appeals.

The issues on appeal are whether the District Court erred

(1) by granting plaintiffs' motions for a new trial based on irregularities in the proceedings which deprived plaintiffs of a fair trial;

(2) by awarding plaintiffs certain attorney fees and costs;

(3) by ordering defendant's insurance carrier to produce its entire investigative file as it existed prior to the commencement of legal proceedings.

Additionally, under Rule 14, M.R.App.P., respondent Brookings raises the following issue: whether the District Court erred by denying Brookings' request for a ruling that Thompson individually or Thompson and Tigart jointly were negligent as a matter of law.

We affirm in part and dismiss in part.

This case stems from a single car accident which occurred on the afternoon of January 4, 1985, on U.S. Highway 91 near the City of Conrad, Montana. Plaintiff Tigart was driving his pickup south on Highway 91 with plaintiff Brookings as his passenger. While rounding an icy corner on that highway near the Branding Iron Restaurant and Bowling Alley, plaintiffs encountered defendant Thompson entering the highway in his pickup near the intersection of Highway 91 and Front Street.

To avoid collision, Tigart let off of the accelerator and began pumping his brakes. His vehicle fishtailed on the ice and soon he lost control of it. The pickup veered across the highway and rolled into a steep ditch on the other side, injuring both Tigart and Brookings.

2

Thompson apparently had not seen Tigart approaching, did not see him swerve and crash, and continued his route until he reached his home in Brady, Montana. Thompson was not aware of any accident or his possible part therein until several days later when he was contacted by Harris, the investigating highway patrol officer about his actions on January 4, 1985.

At trial, plaintiffs offered testimony that Thompson entered the highway negligently from the bowling alley parking lot that day by failing to keep a proper lookout, failing to stop and failing to yield the right-of-way such that he created an immediate hazard to Tigart in violation of section 61-8-341, MCA. Further, plaintiffs alleged that such negligence legally caused their injuries. After the trial commenced, Brookings was allowed to amend his pleading asserting a separate negligence suit directly against Tigart, his driver. Tigart likewise was joined by Thompson as a third-party defendant.

Thompson, during the entire course of discovery and pretrial proceedings, maintained that he knew nothing of the accident, had no knowledge of any actions or circumstances on the day in question and had no independent recollection of whether or not he was even in the vicinity that day. Thompson further denied in answers to interrogatories that he had given any statements to anyone, except for talking with Officer Harris who made no notes of the conversation.

In her opening statement Tigart's attorney asserted that she could state "with confidence" that Thompson would not refute any of her evidence, and that actually what Thompson would say would be consistent with Tigart's contentions of what transpired on the highway that day.

Much to the surprise of both plaintiffs, on the opening day of trial, defense counsel stated that the evidence would show that his client had been bowling at the Branding Iron, left the parking lot there, drove to Front Street, and entered the highway from

3

Front Street (not from the parking lot as plaintiffs contended) after stopping at the stop sign, looking both ways and proceeding cautiously. For a defense, Thompson additionally asserted that Tigart was driving too fast for the conditions.

Plaintiffs protested this new development. In chambers defense counsel explained that testimony would come in from Officer Harris who interviewed Thompson in connection with the accident. However, Harris took no notes from his conversation with Thompson and would be relying solely on his recollection of the conversation which occurred some three years earlier.

The trial judge ruled that Harris would not be allowed to testify as an expert witness at trial because he had not been identified by defense counsel as an expert in the pretrial order. Rather, he would only be able to testify as a fact witness as to what occurred at the accident scene when he arrived some twenty minutes after impact. This development and ruling severely limited the testimony that defense counsel could get in to prove the case asserted in opening statements.

However, on the Friday of the first week of trial, after the close of Brookings' case, defense revealed for the first time that Thompson had actually given a statement to his insurance carrier, Safeco, which was tape-recorded just eleven days after the accident. This came to light during the course of trial when Tigart's attorney subpoenaed the insurance adjuster and his records. Just before the adjuster was to testify, defense counsel notified the court and the plaintiffs that the statement existed.

The adjuster testified that all investigative files were kept in the Spokane, Washington, regional office. The tape was likewise in Spokane. It was agreed that the tape would be transcribed immediately. The tape was transcribed over the weekend and express-mailed to the Great Falls office where defense counsel turned it over to the plaintiffs for the first time.

Plaintiffs proceeded in trial on Monday and were allowed to read portions of the Thompson statement to the jury. The statement was to the effect that Thompson did not see the Tigart vehicle and had no knowledge of the accident. However, he was at that bowling alley on that day at that time; he remembered the road conditions as being "ripe for skating"; he was "slow getting on the highway"; and he also placed himself at the Front Street intersection, rather than entering the highway from the bowling alley parking lot.

Plaintiffs moved for a new trial based on surprise and for personal sanctions against defense counsel for concealment of evidence. Sanctions were not imposed; however, when a defense verdict was returned by the jury, the trial judge granted plaintiffs' motions for a new trial. The judge further ordered that defendant pay attorney fees and costs associated with the first trial and incurred from the close of discovery until the completion of the appeal. Finally, the court ordered the defendant to produce the entire Safeco investigative file as it existed prior to the lawsuit being filed, based on a possibility that there may be even more undisclosed witness statements in the file.

Defendant appeals.

I. New Trials

The District Court granted a new trial based on irregularities in the proceedings which deprived plaintiffs of a fair trial. We agree.

Section 25-11-102, MCA, provides:

> Grounds for a new trial. The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:
>
> (1) irregularity in the proceedings of the court, jury or adverse party . . . by which either party was prevented from having a fair trial;

5

Defense counsel contends that it was mere inadvertence and not concealment which prohibited the production of the defendant's statement during discovery. Such inadvertence surprised plaintiffs and materially affected their substantial right to a fair trial. As the District Court noted in its order, "Because of these new contentions and the surprise that they engendered, the plaintiffs were forced to try to do discovery during the course of trial."

Prior to trial, both plaintiffs believed that the facts were uncontested because Thompson recalled nothing with which to dispute their evidence. However, at trial, many material facts were disputed from the speed of the vehicles and the condition of the road to the place from which Thompson actually entered the highway.

The order of the trial judge granting a new trial with regard to the direction of the trial states:

> The defendant has prevented the plaintiffs from receiving a fair trial and has created unfair surprise at trial by withholding a major piece of evidence until after the trial commenced.
>
> . . .
>
> . . . the defendant's contentions in the final pretrial order are devoid of any contentions concerning where or when Thompson pulled out onto the highway. Thus up until the time of trial, both this Court and the Plaintiffs were left with the impression--if not express contentions--that the defendant would take no position concerning his whereabouts or actions related to the subject accident.
>
> . . .
>
> During the trial, the defense contended that the plaintiffs had major credibility problems because they were contending that the defendant's evidence showed he pulled out from Front Street. On closing argument, the defense attorney stated that the plaintiffs and at least Tigart's attorney had reshaped the facts because the driveway (parking lot) better fit their theory of liability.

6

Defendant's contention that this surprise did not "materially" affect the substantial rights of the plaintiffs is without merit. The importance of the evidence cannot be underestimated, as it is the sole record of defendant's recollection. Thompson was eighty years of age at the time of the first trial and may very well have had a lack of independent recollection of the day in question.

Granting a new trial is within the sound discretion of the trial court. Benner v. B.F. Goodrich, Co. (1967), 150 Mont. 97, 430 P.2d 648. This discretion is not without limitation. Nelson v. Fairmont Hot Springs (Mont. 1988), 763 P.2d 1135, 45 St.Rep. 2042. However, an order granting a new trial will not be set aside absent a showing of abuse of discretion. Tope v. Taylor (Mont. 1988), 768 P.2d 845, 45 St.Rep. 2242; State v. DeMers (Mont. 1988), 762 P.2d 860, 45 St.Rep. 1901.

The credible evidence of this record shows that defense counsel denied the existence of a critical piece of evidence during discovery and then produced it during trial, after the close of Brookings' case. Defense counsel in resisting the motion for new trial argued that nothing "irregular" had happened. What defense counsel views as nothing "irregular" in the course of this trial is a view that could only be shared with himself. Based on this record, defense counsel cannot make a showing that the District Court abused its discretion in ordering a new trial. That portion of the District Court order is affirmed.

II. Attorney Fees

Although the District Court did not assess personal sanctions against defense counsel, it awarded certain fees and costs in an amount to be determined to both plaintiffs pursuant to section 37-61-421, MCA. That portion of this appeal is dismissed without prejudice. The issue of attorney fees and costs is not in the form of a final order, and thus, the appeal is premature. This Court has held that there must be a final judgment from which an appeal may be taken before we are vested with jurisdiction. Rule 1,

7

M.R.App.P.; In Re Marriage of Adams (1979), 183 Mont. 26, 598 P.2d 197; State ex rel. Raw v. City of Helena (1961), 139 Mont. 343, 363 P.2d 720.

Further, it is the duty of the attorneys involved in an appeal to bring this to the attention of the Court. As we stated in In Re Adoption of B.G.B. (1979), 183 Mont. 347, 599 P.2d 375:

> Too often this Court is confronted with cases that are not ready for appellate review within the meaning of the rules, but where the opposing parties do not bring this crucial fact to our attention. We often do not discover this until we are deeply into the process of review and indeed often in the opinion-writing stage. We cannot and will not tolerate this state of affairs.
>
> . . . If for some reason it is appealed prematurely, it is the duty of the parties to bring this to our attention by an appropriate motion to dismiss . . .

599 P.2d at 381. This portion of the appeal is dismissed.

III. Investigative File

The District Court ordered the defendant to turn over Safeco's entire investigative file as it existed prior to the filing of the complaint. That order is not entirely supported by the law in Montana.

Certainly, the judge was protecting any work product which would have been generated after the legal action was commenced and was merely assuring the exchange of discoverable information in fulfillment of the letter and the spirit of discovery rules. However, we conclude that there is no legal basis for such a broad order. That portion of the District Court order is reversed and modified as follows:

We order that any and all witness statements in Safeco's file be disclosed. We held in Cantrell v. Henderson (Mont. 1986), 718 P.2d 318, 43 St.Rep. 745, that a witness statement given by the defendant to his insurance carrier prior to the filing of the

8

complaint is discoverable. Admittedly, defense counsel does not dispute the discoverability of the Thompson statement, but rather cites mere inadvertence for his failure to disclose. We have in this case a failure to disclose discoverable documents through negligent or willful conduct, thus warranting this Court's order that all such statements in Safeco's possession be revealed.

However, any motion to disclose an entire investigative file must be objected to by specific objections to any part which the defendant does not wish to disclose. Then the District Court can handle those objections during the normal course of the discovery process. This may require the plaintiffs to make additional, more specific requests for particular pieces of information.

IV. Rule 14, M.R.App.P.

We do not reach the issue of whether the District Court improperly denied Brookings a ruling under Rule 14 regarding negligence as a matter of law. Brookings failed to appeal properly this issue because he did not file a cross-appeal.

This Court does not review issues outside of those raised by the appellant. Mydlarz v. Palmer/Duncan Construction Co. (1984), 209 Mont. 325, 682 P.2d 695. As we stated in Mydlarz, "Although Rule 14, M.R.App.Civ.P., provides for review of matters by cross-assignment of errors, this does not eliminate the necessity for cross-appeal by a respondent who seeks review of matters separate and distinct from those sought to be reviewed by appellant." Mydlarz, 682 P.2d at 700.

In summary, we affirm the District Court order for a new trial; we dismiss without prejudice the appeal regarding certain attorney fees and costs; disclosure is ordered of all witness statements, written, taped, or otherwise, in Safeco's file, and we dismiss Brookings' appeal of the denial of a Rule 14, M.R.App.P., ruling.

The case is remanded to the District Court for further proceedings consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices