No. 89-457

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

MARK C. BALDWIN,

      Claimant and Appellant,

   -vs-

ORIENT EXPRESS RESTAURANT,

      Employer,

  and

STATE COMPENSATION INSURANCE
FUND,

      Defendant and Respondent.

FILED

APR 2 6 1990

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   The Workers' Compensation Court
               The Honorable Timothy Reardon, Judge presiding

COUNSEL OF RECORD:

      For Appellant:

          James C. Bartlett, Hash, O'Brien & Bartlett,
          Kalispell, Montana

      For Respondent:

          Oliver H. Goe, Attorney at Law, Helena, Montana

Submitted on Briefs:  March 1, 1990

Decided:  April 26, 1990

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Mark Baldwin appeals from the judgment of the Workers' Compensation Court denying him retroactive reinstatement of temporary total disability benefits; denying him an increase in award for unreasonable delay or refusal to pay; and denying his request for attorney's fees and costs. We affirm.

Claimant was thirty-four years old at the time of the hearing. In 1984, while employed as a cook at the Orient Express Restaurant in Flathead County, claimant lifted a bucket of crabs weighing approximately forty pounds. As he twisted to kick the door open, claimant felt his back wrench. Claimant felt pain immediately in his back and by the following morning also experienced numbness in his legs. The Workers' Compensation Court found the claimant suffered from right-sided sciatica and low back pain stemming from a disc protrusion prominent to the right side, at the L5-S1 level. Based on evidence given by claimant's treating physician, neurologist Dr. Gary Cooney, and claimant's chiropractor, Dr. John Francis, the Workers' Compensation Court concluded claimant had reached maximum medical healing.

The State Fund gave claimant fourteen days notice of termination of his temporary total disability benefits by letter dated October 19, 1988. After investigation, the State Fund terminated claimant's benefits based on his $100 per month earnings as treasurer/bookkeeper for Kokanee Construction; his employment for a one month period from June 15, 1985, to July 15, 1985, at Touch America, Inc; and newspaper accounts of claimant's self-

2

employment venture growing marijuana. Claimant filed an appeal of his conviction for criminal possession of dangerous drugs on February 28, 1989. We have since affirmed claimant's conviction. State v. Baldwin (Mont. 1990), ___ P.2d ___, 47 St.Rep. 614.

Claimant's petition was heard before the Workers' Compensation Court on February 22 and 23, 1989. The court entered its findings of fact, conclusions of law and judgment on June 30, 1989. In its findings, based "[u]pon observation of the claimant at the time of trial and a review of the entire record, the [c]ourt [found] claimant's credibility [was] questionable." The court further determined claimant was not entitled to reinstatement of temporary total disability benefits, attorney's fees, costs or penalty. Furthermore, the court held the State Fund was not entitled to reimbursement of benefits previously paid.

Claimant raises two issues on appeal.

1. Did the lower court err by denying claimant's petition for retroactive temporary total disability benefits?

2. Was claimant entitled to attorney's fees, costs and an increase in award for unreasonable delay or refusal to pay?

The State Fund urges this Court on appeal to reverse the Workers' Compensation Court's refusal to order claimant to reimburse it for benefits paid prior to termination.

We will not reverse the ruling of the Workers' Compensation Court absent a determination that its judgment lacks substantial credible supporting evidence. O'Brien v. Guaranty Fund Services (Mont. 1990), ___ P.2d ___, ___, 47 St.Rep. 251, 254. We need not

consider whether substantial credible evidence supports contrary findings. O'Brien, 47 St.Rep. at 254.

Temporary total disability on the date of claimant's injury was defined as:

> [A] condition resulting from an injury as defined in this chapter that results in total loss of wages and exists until the injured worker is as far restored as the permanent character of the injuries will permit.

Section 39-71-116(19), MCA (1983).

Claimant bears the burden of satisfying a two prong test: (1) injury resulting in a total loss of wages; (2) less than maximum medical healing. Claimant failed to meet that burden in the instant case. Both Dr. Cooney and Dr. Francis testified claimant had reached maximum medical healing prior to termination of his benefits on November 3, 1988. Claimant himself testified his condition had been stable for quite some time. Claimant offered no evidence indicating the healing process was incomplete. His arguments otherwise are not persuasive.

Although claimant had training, expertise and experience in a variety of areas, he applied for only one job in the approximately four years between commencement of benefits and termination. Claimant had owned and operated several businesses, had training and experience in hotel/motel management and operation and had performed bookkeeping and clerical duties in previous employment. Vocational rehabilitation counselor Randy Kenyon characterized claimant's motivation to return to work as "reasonable." He emphasized claimant's commitment to self-

employment despite numerous failures in such ventures prior to claimant's injury. Furthermore, claimant was convicted of illegal possession of dangerous drugs for his operation of a sophisticated marijuana greenhouse requiring significant care and upkeep. The lower court had sufficient credible evidence upon which to base its finding that claimant's loss of wages did not result from his injury. The Workers' Compensation Court correctly concluded claimant was not entitled to retroactive or continuing temporary total disability benefits.

Claimant on appeal asserts his right to continuing temporary total disability benefits pending a period of retraining. Because claimant raises this issue for the first time on appeal, we decline to address the propriety of an award of temporary total disability benefits pending a period of retraining. Ahmann v. American Federal Savings & Loan Ass'n. (1988), 235 Mont. 184, 195, 766 P.2d 853, 860.

Section 39-71-611, MCA (1983), provides that:

> In the event an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the workers' compensation judge. ·

Furthermore, § 39-71-2907, MCA (1983), states:

> When payment of compensation has been unreasonably delayed or refused by an insurer, either prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant compensation benefits, the full amount of the compensation benefits due a claimant, between the time compensation

5

benefits were delayed or refused and the date of the order granting a claimant compensation benefits, may be increased by the workers' compensation judge by 20%. The question of unreasonable delay or refusal shall be determined by the workers' compensation judge, and such a finding constitutes good cause to rescind, alter, or amend any order, decision, or award previously made in the cause for the purpose of making the increase provided herein.

In this case the Workers' Compensation Court properly held that claimant was not entitled to temporary total disability benefits. Therefore, the State Fund did not unreasonably delay or refuse payment of compensation. The Workers' Compensation Court did not err by denying claimant recovery of attorney's fees, costs and penalty.

The State Fund contends the Workers' Compensation Court erroneously refused to compel claimant to reimburse it for benefits previously paid. The State Fund did not file a cross-appeal on this issue, however. Although Rule 14, M.R.App.P. permits this Court to consider all possible errors arising in the lower court, the respondent must file a cross-appeal when seeking review of issues not raised by appellant. Mydlarz v. Palmer/Duncan Construction Co. (1984), 209 Mont. 325, 334, 682 P.2d 695, 700. This construction of Rule 14, M.R.App.P. is applicable to appeals from judgments of the Workers' Compensation Court pursuant to § 39-71-2904, MCA (1983). That section provides:

[A]n appeal from a final decision of the workers' compensation judge shall be filed directly with the supreme court of Montana in the manner provided by law for appeals from the district court in civil cases.

We therefore find the issue of reimbursement by the claimant is not properly before this Court and do not rule on the same.

Affirmed.

_____
Diane G. Barr
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7