# JOSEPH EVE & CO.,
## Plaintiff and Appellant,
### v.
# CATHERINE B. ALLEN,
## Defendant and Respondent.

No. 97-405.
Decided September 22, 1997.
54 St.Rep. 987.
284 Mont. 511.
945 P.2d 897.

## OPINION AND ORDER

### Background

Joseph Eve & Co. (Eve) filed a Notice of Appeal with the District Court for the Thirteenth Judicial District, Yellowstone County, on

June 23, 1997, following that court's March 7, 1997 Judgment. Eve filed an Amended Notice of Appeal on June 27, 1997. On July 23, 1997, Catherine B. Allen (Allen) filed a motion to dismiss the appeal claiming that the District Court's judgment was not final. This Court denied Allen's motion to dismiss on August 12, 1997. Two days later, on August 14, 1997, Allen filed her Motion for Leave to File Cross Appeal with this Court. Eve filed its memorandum in opposition to respondent's motion on August 26, 1997.

The issue before this Court is one of first impression. We are called upon to answer the question of whether the timely filing of a notice of cross appeal is a jurisdictional prerequisite to this Court's consideration of the cross appeal or whether the time for filing a notice of a cross appeal is a procedural requirement that may be discretionarily waived. We hold that the time limit for the filing of a cross appeal is jurisdictional and that on the facts of this case we are precluded from considering Allen's cross appeal.

### Discussion

Under Rule 5(a)(3), M.R.App.P., a cross appeal may be filed within 14 days after the date on which the first notice of appeal was filed. In this case, Allen failed to file a cross appeal within that time and she now requests leave of this Court to file her cross appeal even though 52 days elapsed from the time the first notice of appeal was filed until the time she filed her motion.

Allen relies on two circuit courts of appeal decisions for her contention that while a timely notice of appeal is mandatory and jurisdictional, a cross appeal is a matter of practice or procedure and is not a jurisdictional prerequisite once an initial appeal has been filed. *Texport Oil Co. v. M/V Amolyntos* (2d. Cir. 1993), 11 F.3d 361, 366; *Bryant v. Technical Research Co.* (9th Cir. 1981), 654 F.2d 1337, 1341. Allen asserts that, based on these decisions, this Court has discretion to disregard the time requirement.

While the two decisions Allen cites hold that cross appeals are not jurisdictional, the remainder of the circuit courts of appeal differ on this issue. The federal rule regarding the filing of a cross appeal provides: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." Rule 4(a)(3), Fed.R.App.P. Some circuits follow the view expressed in *Texport* and *Bryant* that this rule is a rule of practice which may be waived in the interest of

justice or under appropriate circumstances. *United States v. Tabor Court Realty Corp.* (3rd Cir. 1991), 943 F.2d 335; *LaFaut v. Smith* (4th Cir. 1987), 834 F.2d 389; *Anthony v. Petroleum Helicopters, Inc.* (5th Cir. 1982), 693 F.2d 495. Other circuits adhere to the view that the time limits for filing a cross appeal are mandatory and jurisdictional. *Akron Center for Reproductive Health v. Slaby* (6th Cir. 1988), 854 F.2d 852, *rev'd on other grounds sub nom Ohio v. Akron Ctr. for Reproductive Health* (1990), 497 U.S. 502, 110 S.Ct. 2972, 111 L.Ed.2d 405; *Young Radiator Co. v. Celotex Corp.* (7th Cir. 1989), 881 F.2d 1408; *Savage v. Cache Valley Dairy Ass'n* (10th Cir. 1984), 737 F.2d 887.

In *Young*, the Seventh Circuit Court of Appeals held that the time limits for filing a cross appeal are mandatory and jurisdictional. *Young*, 881 F.2d at 1416. The court in *Young* pointed out that the rationale behind the contrary view that the filing of a cross appeal is merely a matter of practice or procedure, is based on the notion that the initial notice of appeal invokes jurisdiction over the entire case so that the appellate court has the power to overlook the absence of a notice of cross appeal. *Young*, 881 F.2d at 1415. In refuting this idea, the court in *Young* cited to a United States Supreme Court decision, *Torres v. Oakland Scavenger Co.* (1988), 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285, that addressed a related issue, the interpretation of Rule 3(c), Fed.R.App.P., regarding the failure to specify all parties taking an appeal. The Supreme Court held in *Torres* that "the requirements of Rules 3 and 4 are mandatory and jurisdictional and that although the courts of appeals may liberally construe those rules to determine whether they have been complied with, the courts may not waive noncompliance." *Young*, 881 F.2d 1416.

In addition, *Bryant* and *Texport*, the cases cited by Allen to support her contention, are limited in their holdings. The court in *Bryant* emphasized the narrow scope of its holding and stated that "[i]t will be the unusual case where an appellee that fails to file a notice of appeal can challenge unfavorable aspects of a judgment." *Bryant*, 654 F.2d at 1343. The court in *Texport* pointed out that the filing of the cross appeal was late by only one business day and that the direct appeal and the cross appeal were "closely interrelated." *Texport*, 11 F.3d at 366.

Certain state jurisdictions also adhere to the idea that the timely filing of a cross appeal is jurisdictional. *Mahaffey v. Investor's Nat. Sec. Co.* (Nev. 1986), 725 P.2d 1218; *Johnson v. State* (Kan. 1986), 727 P.2d 912, *overruled in part by Denton v. Sunflower Elec. Co-op., Inc.* (Kan. 1988), 748 P.2d 420; *Rossmiller v. Rossmiller* (Wis. Ct. App.

1989), 444 N.W.2d 445; *McCracken v. Edward D. Jones & Co.* (Iowa Ct. App. 1989), 445 N.W.2d 375.

■ In Montana, this Court has long held that the time limits for filing an appeal are mandatory and jurisdictional. "An appellant has a duty to perfect its appeal in the manner and time provided in Rule 5. Absent this compliance, this Court lacks jurisdiction to hear the appeal." *Foster Apiaries, Inc. v. Hubbard Apiaries* (1981), 193 Mont. 156, 159, 630 P.2d 1213, 1215 (citing *Price v. Zunchich* (1980), 188 Mont. 230, 612 P.2d 1296).

In a similar fashion, this Court has held that the failure to properly file a cross appeal precludes this Court from addressing the issues raised in the cross appeal. For example, we said in *Johnson v. Tindall* (1981), 195 Mont. 165, 635 P.2d 266, that:

> Although Rule 14 provides for review of matters by cross-assignment of error, this does not eliminate the necessity for cross-appeal by a respondent who seeks review of rulings on matters separate and distinct from those sought to be reviewed by the appellant. *Francisco v. Francisco* (1948), 120 Mont. 468, 470, 191 P.2d 317, 319. A respondent who has not cross-appealed may not seek a determination of the amount involved more favorable to him than that made by the court below. *Mechanics Universal Joint Co. v. Culhane* (1936), 299 U.S. 51, 58, 57 S.Ct. 81, 84-85, 81 L.Ed. 33, 38. 5 Am. Jur. 2d *Appeal and Error,* § 707.

*Johnson,* 635 P.2d at 268. *See also Converse v. Converse* (1982), 198 Mont. 227, 232, 645 P.2d 413, 416; *Lemley v. Allen* (1983), 203 Mont. 37, 43, 659 P.2d 262, 266; *Johnson v. Johnson* (1983), 205 Mont. 259, 263, 667 P.2d 438, 440.

In addition, we stated in *Mydlarz v. Palmer/Duncan Const. Co.* (1984), 209 Mont. 325, 682 P.2d 695, that:

> ■ Respondent Palmer/Duncan has raised two issues not addressed by appellant. We will not consider such issues because Palmer/Duncan has not complied with Montana Rules of Appellate Civil Procedure; specifically, Palmer/Duncan has not perfected a cross-appeal. Although Rule 14, M.R.App.Civ.P., provides for review of matters by cross-assignment of errors, this does not eliminate the necessity for cross-appeal by a respondent who seeks review of matters separate and distinct from those sought to be reviewed by appellant. *Johnson v. Tindall* (Mont. 1981), 635 P.2d 266, 268, 38 St.Rep. 1763; *Francisco v. Francisco* (1948), 120 Mont. 468, 470, 191 P.2d 317, 319.

*Mydlarz*, 682 P.2d at 700. *See also Tigart v. Thompson* (1989), 237 Mont. 468, 475, 774 P.2d 401, 406; *Baldwin v. Orient Exp. Restaurant* (1990), 242 Mont. 373, 377, 791 P.2d 49, 51.

Four years later, in *Neumann v. Rogstad* (1988), 232 Mont. 24, 757 P.2d 761, we stated that:

> [I]t is alleged that the District Court erred when it failed to grant the defendant costs and attorney fees pursuant to § 72-12-206, MCA. We find the issue is not properly before us.
>
> We note that [appellant] did not raise the issue of attorney fees. In order to preserve an issue not raised by an appellant, it is necessary for the personal representative as respondent to file a notice of cross-appeal. ... The respondent's failure to so file is thus fatal to his claim.

*Neumann*, 757 P.2d at 765. Thus, unlike those federal courts that base their holdings on the notion that the initial notice of appeal invokes jurisdiction over the entire case, this Court follows the belief that it only has jurisdiction over those issues addressed in the appeal or a properly filed cross appeal.

Accordingly, we conclude that the time limits for filing a cross appeal in Montana are jurisdictional and that Allen's failure to file her cross appeal within the 14 day limit provided by Rule 5(a)(3), M.R.App.P., precludes this Court from considering her Motion for Leave to File Cross Appeal. Therefore,

IT IS ORDERED that Allen's Motion for Leave to File Cross Appeal should be and is, hereby, DENIED.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this order by mail to counsel of record.

Dated this 22nd day of September, 1997.

CHIEF JUSTICE TURNAGE, JUSTICES HUNT, REGNIER, TRIEWEILER and GRAY concur.

JUSTICE LEAPHART, dissenting.

I dissent. The Court concludes that the filing of a cross appeal is jurisdictional. In reaching that conclusion, the Court cites a number of our decisions in which we have held that, in order to preserve an issue for review on appeal, a party must file a notice of appeal or notice of cross appeal. *E.g. Neumann v. Rogstad* (1988), 232 Mont. 24, 29, 757 P.2d 761, 765. I agree that in order to raise an issue not raised by the appellant, the respondent must file a notice of cross appeal. The issue here, however, is not whether the respondent must file a

notice of cross appeal but, rather, whether this Court has the power to extend the time for filing that notice.

I adhere to the view that when the appellant files a notice of appeal, jurisdiction over the entire case passes to the appellate court. The Court's conclusion that we do not obtain jurisdiction over the entire case, but only over those *issues* addressed in the appeal, ignores the fact that an appellant is not required to specify issues in his notice of appeal. The notice of appeal need only name the party taking the appeal and the order or judgment appealed from. Rule 4(c), M.R.App.P. The issues are only defined when the appellant's brief is filed, well after jurisdiction has passed. "When a notice of appeal has been filed, jurisdiction passes from the District Court and vests in the Supreme Court." *Powers Mfg. Co. v. Leon Jacobs Enter.* (1985), 216 Mont. 407, 411, 701 P.2d 1377, 1380. Once the appellate court acquires jurisdiction over the entire case, the filing of a cross appeal becomes a matter of practice or procedure subject to the court's discretion to suspend the rules when justice so requires. *See Texport Oil Co. v. M/V Amolyntos* (2d Cir. 1993), 11 F.3d 361, 366; *Bryant v. Technical Research Co.* (9th Cir. 1981), 654 F.2d 1337, 1341-42.

Although Rule 5(c), M.R.App.P., allows the district court to extend the time for filing a notice of appeal, it does not address the filing of a notice of cross appeal. In the absence of an applicable rule, and given that jurisdiction over the entire case passes from the trial court to the appellate court upon the filing of the notice of appeal, I would hold that the request for an extension was properly filed with this Court and that, under Rule 3, M.R.App.P., we had discretion to determine whether or not good cause existed to suspend the time limit.