No. 98-181

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 46N

TUNGSTEN HOLDINGS, INC.,

Plaintiff and Appellant,

v.

LENA J. KIMBERLIN a/k/a,

LENA J. WHITSON, JOYCE LYNN

KIMBERLIN and ANTHONY KIMBERLIN,

Defendants and Respondents.

APPEAL FROM: District Court of the Nineteenth Judicial District,

No

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas R. Bostock, Warden, Christiansen, Johnson & Berg, Kalispell, Montana

For Respondent:

L. Charles Evans, Libby, Montana

Submitted on Briefs: June 25, 1998

Decided: March 16, 1999

Filed:

No

_____

Clerk


Justice James C. Nelson delivered the Opinion of the Court.


**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Tungsten Holdings, Inc. (Tungsten), appeals from a decision of the Nineteenth Judicial District Court, Lincoln County. The court denied Tungsten's request to quiet title to an easement across property owned by Lena J. Kimberlin, Joyce Lynn Kimberlin, and Anthony Kimberlin (the Kimberlins), located immediately to the south of property owned by Tungsten; denied Tungsten's request to quiet title in it to a 1.25 acre parcel of land at the border between its property and the Kimberlins' property; and declared Lena Kimberlin the owner of the disputed 1.25 acre parcel by adverse possession. We reverse.**

**¶3. Based on the evidence at trial, the court concluded that an easement by implication had been created in the 1950's in favor of Tungsten's predecessor, but that the implied easement was later extinguished by adverse possession and by abandonment. Tungsten raises four issues on appeal. Three of those issues relate to the court's determination that Lena Kimberlin adversely possessed the land, extinguishing the easement. We need not address those issues because, in their response brief, the Kimberlins concede that there was inadequate evidence to support the court's conclusion that they extinguished Tungsten's implied easement to the disputed 1.25 acre parcel of land by adverse possession. The remaining issue is whether the court erred in declaring that the implied easement which once existed in favor of Tungsten's predecessors was abandoned.**

¶4. Rule 8(b), M.R.Civ.P., requires a party to state, in the pleadings, his or her defenses to each claim asserted. Additionally, Rule 8(c), M.R.Civ.P., requires a party to set forth affirmatively all matters constituting avoidance or affirmative defenses. The rationale for requiring that defenses be affirmatively pled is fundamental to our system of jurisprudence, which requires that parties be given proper notice of opposing parties' contentions. *See Brown v. Ehlert* (1992), 255 Mont. 140, 146, 841 P.2d 510, 514.

¶5. The issue of abandonment was not set forth in the pleadings, the pretrial order, or a motion to amend the pleadings to conform to the evidence at trial. Indeed, the Kimberlins did not argue a theory that Tungsten or its predecessors abandoned an easement, nor did Tungsten have the opportunity to argue against such a theory. Had Tungsten been aware that such a defense was to be considered by the District Court, it may have been able to produce more evidence concerning use of the easement. Tungsten was simply not given the opportunity to defend against such a claim.

¶6. Rule 16, M.R.Civ.P., describes pretrial conferences and their scheduling and management. Among other things, the subjects to be discussed at a pretrial conference include "the formulation and simplification of the issues" and "the necessity or desirability of amendments to the pleadings." The only legal issues to be tried in the District Court under the pretrial order were whether Tungsten was entitled to an easement by implication or necessity to the road in question and whether a fence constructed by the Kimberlins represented the legal boundary between the property of the parties. This Court has held:

[F]ailure to raise an issue in the pretrial order may result in a waiver. The purpose of the pretrial order is to prevent surprise, simplify the issues, and permit the parties to prepare for trial. . . . [T]his Court [has] said . . . that the pretrial order "should be liberally construed to permit any issues at trial that are 'embraced within its language.' " But the theory or issue must be at least implicitly included in the pretrial order.

*Nentwig v. United Industry, Inc.* (1992), 256 Mont. 134, 138-39, 845 P.2d 99, 102 (internal citations omitted).

¶7. To respond to the issue of abandonment, Tungsten would have had to develop

further facts and present new evidence. Absent any indication at trial that the court would base its decision on a theory of abandonment, Tungsten did not have an opportunity to do so. We hold that, under these circumstances, the court erred in concluding that although an implied easement once existed in favor of Tungsten's predecessors, the easement was later abandoned.

¶8. In their brief to this Court, the Kimberlins do not defend the District Court's rulings on any of the issues raised on appeal. Instead, they advance new theories which they neither pled in the District Court nor cross-appealed to this Court. We will not address issues raised for the first time on appeal. *Hislop v. Cady* (1993), 261 Mont. 243, 250, 862 P.2d 388, 392. Additionally, issues which a respondent to an appeal wishes to raise must be presented by the filing of a cross-appeal. *See Joseph Eve & Co. v. Allen* (1997), 284 Mont. 511, 514-15, 945 P.2d 897, 899; *Mydlarz v. Palmer/Duncan Const. Co.* (1984), 209 Mont. 325, 334, 682 P.2d 695, 700. We decline to consider the new theories raised by the Kimberlins in their response brief.

¶9. We reverse the judgment of the District Court and remand with instructions that the court enter judgment quieting title to an easement across

the disputed 1.25 acre parcel in favor of Tungsten by virtue of the implied easement which the court concluded Tungsten's predecessors acquired.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

No

/S/ W. WILLIAM LEAPHART