ORIGINAL

FILED

03/30/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0076

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0076

SHANDOR S. BADARUDDIN, ESQ.,

Petitioner,

v.

MONTANA NINETEENTH JUDICIAL
DISTRICT COURT, HONORABLE
MATTHEW J. CUFFE, Presiding,

Respondent.

FILED

MAR 3 0 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Pursuant to § 27-25-102, MCA, Petitioner, Shandor S. Badaruddin, seeks a writ of certiorari over the Montana Nineteenth Judicial District Court in *State of Montana v. Kip Hartman*, Cause No. DC-19-75. Badaruddin requests this Court to vacate the District Court's Order Re: Mistrial, issued February 5, 2021, on the basis that the court exceeded its authority in ordering Badaruddin to pay the costs of trial. The Honorable Matthew J. Cuffe and the State of Montana have responded in opposition to Badaruddin's Petition.[1]

In the underlying case, the District Court declared a mistrial on the final day of a nine-day jury trial in a criminal matter in which Badaruddin represented Defendant Kip Hartman. The court determined a mistrial was necessary because Badaruddin had failed to reserve adequate time to allow Hartman to testify in his defense, and the court was unable to accommodate additional time for trial beyond the setting that the parties had previously agreed would be adequate. Because the court determined that Badaruddin's conduct created the necessity for mistrial, the court stated in its order that it believed it appropriate for Badaruddin to pay the associated costs of the mistrial.

---

[1] On March 26, 2021, Badaruddin moved for leave to file a reply memorandum to his petition. Under M. R. App. P. 14(7)(a), no reply memorandum shall be filed except by order of this Court. We deny Badaruddin's request for such order.

Badaruddin petitioned this Court for a writ of certiorari, arguing that the District Court exceeded its authority in ordering him to pay the costs of the mistrial. Upon reviewing Badaruddin's petition, this Court requested responses from Judge Cuffe and the State. In their responses, both Judge Cuffe and the State allege that Badaruddin's petition is premature as the District Court has not yet issued its final ruling on the issue of costs.

Judge Cuffe explains that in the Order Re: Mistrial, he "declared a mistrial, ordered a briefing schedule on the issue of sanctions, directed the parties to address both legal and factual issues, and clearly stated a hearing on the issue of costs would be scheduled once briefing is completed." Judge Cuffe contends that Badaruddin's petition for writ is premature since the District Court has not yet had the opportunity to issue a final ruling on the issue of costs. Judge Cuffe points to the language in the Order Re: Mistrial which provides for a briefing schedule and further declares that the court will set a hearing once briefing on the issue of costs is complete. Judge Cuffe adds that Badaruddin's complaints of a lack of citation to authority in the District Court's Order Re: Mistrial on the issue of costs is readily explained by the fact that the court has not yet imposed such sanctions.

Although Badaruddin asserted in his petition that the District Court ordered him to pay costs, the State asserts that the District Court has only asserted an intention to impose costs and provided the parties with an opportunity to brief and be heard on the issue. The State notes that the District Court has provided Badaruddin with the opportunity to make his case as to why the court should not impose costs. The State argues that this Court should not entertain Badaruddin's arguments until the District Court has the opportunity to make its ruling.

This Court has held that where the issue of attorney fees and costs is not in the form of a final order, the appeal is premature. *Tigart v. Thompson*, 237 Mont. 468, 474, 774 P.2d 401, 405 (1989). As the State argues in its response, without a final disposition this Court cannot review the basis for the District Court's determination. The District Court has not yet imposed costs against Badaruddin as it has yet to hear argument and issue a final ruling. We agree with Judge Cuffe and the State that Badaruddin's petition for writ of certiorari is premature.

2

THEREFORE,

IT IS ORDERED that the petition for a writ of certiorari is DENIED and DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to provide immediate notice of this Order to Petitioner, to the State of Montana, and to the Honorable Matthew J. Cuffe, presiding District Judge.

DATED this 30th day of March, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3