RUSSELL DAIRY STORES, INC., Appellant, vs. CITY OF CHIP-
PEWA FALLS, Respondent.

*January 12—February 7, 1956.*

For the appellant there were briefs and oral argument by *John Frampton* of Chippewa Falls.

For the respondent there was a brief by *Ingolf E. Rasmus,* and oral argument by *Mr. James B. Halferty* and *Mr. Rasmus,* both of Chippewa Falls.

STEINLE, J.   The state of Wisconsin was not named as a party in this action, nor did the complaint demand that the state provide a right of ingress to or egress from Highway 53 to the plaintiff's property.  While the summons and complaint were served upon the state as required in sec. 269.56 (11), Stats., and while the district attorney of Chippewa county entered a special appearance on behalf of the state for the purpose of challenging the jurisdiction affecting the rights of the state, the state declined to participate in the trial.  By its complaint, the plaintiff sought enforcement of its right to maintain the driveway in accordance with the permission granted by the city and in manner as it had been constructed with the city's approval.  The court determined that the plaintiff was not an abutting owner to the highway and that it was not entitled to a curb opening from the highway in the

absence of special permission from the state. The court held that it had no jurisdiction to charge the state, which was not a party to the action but the owner of the abutting land, with the duty to provide a right of ingress to or egress from the highway to the plaintiff's property. It is uncontroverted that control of the street was turned over to the city by the state on or about July 14, 1949.

The city prevailed by relying upon the title of the state notwithstanding that the state was not a party to the action. No demand against or by the state was in issue. The situation is comparable to that in *Walker v. Green Lake County* (1955), 269 Wis. 103, 110, 69 N. W. (2d) 252, where the court said:

"The county and the trial court seem to be of the opinion that the plaintiffs must locate land that was not submerged. If anyone could challenge title to the submerged land it would be the state of Wisconsin, and the state was not a party to this action."

Since, in this action, there was an absence of any claim by the state in opposition to that of the plaintiff, we are constrained to hold that it was not within the province of the court to have decided a controversy that might exist between the plaintiff and the state, the issue of which, however, was not presented for determination by the state in the cause.

The issue between the plaintiff and the city concerns primarily the revocation of the permit for the installation of the driveway. The plaintiff maintains that since it had complied with every requirement that the city exacted under the city's permission to install the driveway, the city was estopped to revoke the permit. It contends that the court ought to have declared the right of the plaintiff to maintain the driveway, and to have enjoined the city from interfering with that right.

It is the position of the city that it is not estopped from revoking its curb-cutting permit.

The city submits that its removal of the driveway and the replacement of the curb and gutter was undertaken pursuant to provisions of sec. 86.07 (2), Stats. The city does not base its right of removal of the driveway and the replacement. of the curb upon ordinance 62.14 (6).

Sec. 86.07 (2), Stats., provides in part:

"No person shall make any excavation or fill or install any culvert or make any other alteration in any highway or in any manner disturb any highway or bridge without a permit therefor from the highway authority maintaining the highway. . . . Nothing herein shall abridge the right of the state highway commission . . . to make such additional rules, regulations, and conditions not inconsistent herewith as may be deemed necessary and proper for the preservation of highways, or for the safety of the public, and to make the granting of any such permit conditional thereon. If any culvert is installed or any excavation or fill or any other alteration is made in violation of the provisions of this subsection, the highway may be restored to its former condition by. the highway authority in charge of the maintenance thereof; . . ."

Manifestly, the driveway was not constructed by the plaintiff in violation of the statute. It had been installed with the specific permission of the city and under the supervision of the city engineer. The city is the highway authority maintaining the highway. Its consent to the installation had been validly given. Sec. 86.07 (2), Stats., does not authorize the restoration of a highway to its former condition by the highway authority maintaining the highway once that authority has granted a permission for the alteration.

There is no suggestion of record that fraud was in anywise employed with respect to the issuance of the permit. The driveway was installed at the expense of the plaintiff and had been used by him for several months previous to the city's removal of it. Substantial rights to the driveway and its use had

become vested in the plaintiff before the city adopted the resolution rescinding the permit. It is clear that the plaintiff was damaged as a result of the city's action. As was said in *Lindemann v. Kenosha* (1932), 206 Wis. 364, 369, 240 N. W. 373:

"While the rule is well established that where a building permit has been issued without fraud to one who has thereafter in good faith expended money in reliance thereon, such owner attains an interest in such permit which is in the nature of a vested right and under such circumstances such permit may not be arbitrarily revoked (*Buffalo v. Chadeayne,* 134 N. Y. 163, 31 N. E. 443; *Rehmann v. Des Moines,* 200 Iowa, 286, 204 N. W. 267, 40 A. L. R. 922; *Lerch v. Duluth,* 88 Minn. 295, 92 N. W. 1116; *Hinman v. Clark,* 121 App. Div. 105, 105 N. Y. Supp. 725, affirmed in 193 N. Y. 640, 86 N. E. 1125; *State ex rel. Grimmer v. Spokane,* 64 Wash. 388, 116 Pac. 878; *Dobbins v. Los Angeles,* 195 U. S. 223, 25 Sup. Ct. 18; 43 Corp. Jur. p. 349), the remedy, however, in such a situation seems to be by injunction to restrain the city from interfering with the particular work under construction. *Stevens v. Muskegon,* 111 Mich. 72, 69 N. W. 227; *Lerch v. Duluth, supra."* See also *Rosenberg v. Whitefish Bay* (1929), 199 Wis. 214, 225 N. W. 838, and *State ex rel. A. Hynek & Sons Co. v. Board of Appeals* (1954), 267 Wis. 309, 64 N. W. (2d) 741, 66 N. W. (2d) 623.

The city takes the position that the contract between the state highway commission and the city, as entered into by resolution on February 17, 1948, is a valid exercise of the rule-making power of the state highway commission as authorized in sec. 86.07 (2), Stats. By provision of paragraph four of the resolution, the city had agreed with the state highway commission:

"That the right of way available or provided for the project will be held and maintained inviolate for public highway or street purposes, and no signs, other than those described above, posters, billboards, roadside stands, or other private installations will be permitted within the right-of-way

limits of the project, and the city, within its jurisdictional limits, will remove or cause to be removed within the limits of the project all private installations of whatever nature which may be or cause an obstruction or interfere with the free flow of traffic, or which may be or cause a hazard to traffic, or which may vitiate or impair the usefulness of the project and which may be required to be removed by the commission at its own election or at the request of the commissioner of public roads and that no such private installations will be permitted to be erected or maintained in the future."

The plaintiff points out that the paragraph of the resolution to which the city refers, while mentioning that posters, billboards, roadside stands, or other private installations shall not be permitted within the right-of-way limits of the project, is nevertheless silent as to the installation of driveways. Plaintiff argues that had the state highway commission intended to ban driveways, it could have included them in its listing of the items prohibited. The plaintiff directs attention to the undisputed evidence of record that the state highway commission itself installed driveways with two curb cuts leading to the new highway project for a brewery located about a block north of the plaintiff's premises, and that the brewery, before the relocation, had an entranceway on another street. Plaintiff urges that by such action the state highway commission itself demonstrated that it did not consider private driveways to be of the same class, genus, or family as posters, billboards, and roadside stands. Plaintiff expresses the observation that, "Applying the rule of *ejusdem generis,* it would seem that the contract in question relates to things that obstruct the view or encroach upon the shoulders, rather than to curb openings." In the light of this record it appears without doubt that the contract between the city and the state highway commission did not contemplate the prohibiting by the city of private driveways leading to the highway. We cannot subscribe to the city's position that it breached its contract with the state highway

commission when it issued the permit to the plaintiff to install the driveway.

The city maintains that under its police power and in the interest of public safety it may regulate access to public highways. Granting that the city has such power, nevertheless it may not exercise it arbitrarily. There is an abundance of undisputed evidence of record to the effect that there are many private driveways leading to Highway 53 from commercially used property within the limits of Chippewa Falls, some in the vicinity of the plaintiff's premises. As was heretofore indicated, the state itself installed driveways for a brewery situated on the relocated highway approximately a block from the plaintiff's property, and from premises where there were driveways leading to another street. As was said in *Katt v. Sturtevant* (1955), 269 Wis. 638, 640, 70 N. W. (2d) 188:

"Generally, an ordinance that prohibits the future use of property but which permits the continuance of existing uses of the same kind discriminates in favor of those enjoying the existing use and against those who would make similar uses of their property."

In its regulation of access to public highways the city is obliged to follow reasonable standards. It may not discriminate.

Under the circumstances here the city of Chippewa Falls was estopped from revoking the permit to the plaintiff for the curb cut. The plaintiff is entitled to reconstruct its driveway in manner as originally permitted by the city and as it existed before its removal by the city, and the city is to be permanently enjoined from enforcing its ordinance sec. 62.14 (6) against the plaintiff while the plaintiff maintains the driveway for access to its property from Jefferson avenue.

*By the Court.*—The portion of the judgment appealed from is reversed, and cause remanded with directions to enter judgment in favor of the plaintiff declaring that the plaintiff

shall be permitted access to its property from Jefferson avenue and Highway 53 by means of a driveway to be constructed in conformity with the permission extended by the city's resolution of May 18, 1954, and that the city be permanently enjoined from enforcing its ordinance sec. 62.14 (6) against the plaintiff while maintaining its driveway when reconstructed.