Dale R. DOBBERFUHL, National Surety Insurance Corporation, and Pirkle Refrigerated Freightlines, Inc., Plaintiffs-Respondents and Cross-Appellants,†

v.

MADISON WHITE TRUCKS, INC., Defendant-Respondent and Cross-Respondent,

FREIGHTLINER CORPORATION, Defendant-Appellant and Cross-Respondent.

Court of Appeals

*No. 83–2072. Submitted on motion December 13, 1983.—*
*Decided March 22, 1984.*
(Also reported in 347 N.W.2d 904.)

† Petition to review dismissed.

For the defendant-appellant, Freightliner Corporation, the cause was submitted on the motion of *Rocke A. Calvelli* and *Prosser, Wiedabach & Quale, S.C.* of Milwaukee.

For the plaintiffs-respondents and cross-appellants a response was submitted by *Carroll Metzner* and *Barrett J. Corneille* and *Bell, Metzner & Gierhart, S.C.* of Madison.

Before Gartzke, P.J., Bablitch and Dykman, JJ.

PER CURIAM. Appellant has filed a motion to dismiss the cross-appeal for lack of jurisdiction. The issue presented is the timeliness of the filing of a notice of cross-appeal where the cross-appellant first gave notice of entry of judgment. By giving notice of entry of judgment, the cross-appellant reduced the time to cross-appeal from ninety to forty-five days from entry of judgment or thirty days from notice of appeal, and cross-appealed too late. Because we conclude that the cross-appeal was not timely filed, we dismiss the cross-appeal.

Judgment was entered on September 14, 1983. The notice of entry of judgment was filed by the cross-appellants on September 26, 1983, and given to appellant. Appellant filed a notice of appeal on October 25, 1983, and cross-appellants filed a notice of cross-appeal on November 28, 1983. Appellant contends the cross-appeal should be dismissed because it was not filed within thirty days of the notice of appeal or forty-five days of the entry of the judgment, as required by Rule 809.10(2)(b). Cross-appellants contend the time to file a cross-appeal should not be reduced from ninety to forty-five days under sec. 808.04(1), Stats., when a cross-appellant provides a notice of entry of judgment to an appellant, even though the time to file an appeal is reduced to forty-five days.

A notice of cross-appeal must be filed "within the period established by law for the filing of the notice of appeal, or thirty days after the filing of a notice of appeal, whichever is later." Rule 809.10(2)(b). If notice of entry of judgment is given under sec. 806.06(5), Stats., an appeal must be initiated within forty-five days of the entry of judgment or order appealed from. Sec. 808.04(1), Stats. The "period established by law" for filing the notice of appeal was forty-five days from the date of judgment, because the cross-appellants gave notice of entry of judgment. The notice of cross-appeal had to be filed either within that period or thirty days after the filing of the notice of appeal, whichever was later. Rule 809.10(2)(b). The time for filing a notice of appeal or cross-appeal of a final judgment or order other than an appeal under Rules 809.30 or 809.40(1) may not be enlarged. Rule 809.82(2)(b). Timely filing is jurisdictional. *See LaCrosse Trust Co. v. Bluske,* 99 Wis. 2d 427, 429, 299 N.W.2d 302, 303 (Ct. App. 1980) (court had jurisdiction over cross-appeal taken within the statutory period).

The notice of cross-appeal was not timely filed. The November 28, 1983, notice of cross-appeal was not filed within forty-five days of September 14, 1983, when judgment was entered or within thirty days of October 25, 1983, when the notice of appeal was filed.

Parties to an action should be aware that filing notice of entry of judgment not only shortens the time to appeal but also to cross-appeal, no matter who gives notice of entry of judgment. Cross-appellants' giving notice of entry of judgment reduced the maximum time to file a notice of cross-appeal to thirty days after the filing of the notice of appeal which was later than forty-five days but less than ninety days from the entry of judg-

ment. Dismissal does not bar the cross-appellants from raising issues to support the judgment. *State v. Wisumierski,* 106 Wis. 2d 722, 732, 317 N.W.2d 484, 489 (1982).

*By the Court.*—Cross-appeal dismissed.