STATE of Wisconsin EX REL. John WESTBROOK
and Ann Westbrook, his wife, Petitioners-Respondents,

v.

CITY OF NEW BERLIN, Respondent-Appellant.

Court of Appeals

*No. 83–1732. Submitted on briefs May 16, 1984.—*
*Decided July 5, 1984.*
(Also reported in 354 N.W.2d 206.)

■

For the appellant, the cause was submitted on the briefs of *T. Michael Schober,* city attorney, of New Berlin.

For the respondent, the cause was submitted on the brief of *Norman J. Fons,* of Greendale.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.  The City of New Berlin appeals a judgment of the trial court reversing the decision of the city common council denying approval of the Westbrooks' proposed certified survey map. The trial court ordered approval of the certified survey map.

The Westbrooks originally applied to the New Berlin Zoning Board of Appeals for a variance from the zoning requirements relative to the width of the lots laid out in their certified survey map. The board of appeals granted the variance. The Westbrooks then applied to the city plan commission for approval of the certified survey map. The plan commission, however, recommended against approval. The common council adopted the plan commission's recommendation and listed the following reasons: (1) the city attorney's opinion that the plan commission and common council had the exclusive authority to ultimately pass upon the requested approval of the certified map, including zoning considerations contained therein, irrespective of prior action by the zoning board of appeals;[1] (2) the proposed lots were not in keeping with the established character of the existing neighborhood, and (3) sufficient small lot subdivisions existed elsewhere within the boundaries of the city. The Westbrooks sought review of the common council's action by writ of certiorari in the circuit court.

[1] On this appeal, however, the city takes the position that the zoning board of appeals had no authority in the first instance to even hear the Westbrooks' petition for a variance.

The issue before us requires a determination as to the respective authority of a city's zoning board of appeals and common council when approval is sought for a certified survey map laying out lots contrary to existing zoning requirements.

The relevant portion of the applicable Wisconsin statutes and New Berlin ordinances pertaining to the platting of lands are as follows:

Section 236.10. Approvals necessary. (1) To entitle a final plat of a subdivision to be recorded, it shall have the approval of the following in accordance with the provisions of s. 236.12:

(a) If within a municipality, the governing body . . .

. . . .

(3) The authority to approve or object to preliminary or final plats under this chapter may be delegated to a planning committee or commission of the approving governing body. . . .

. . . .

Section 236.13. Basis for approval. (1) Approval of the preliminary or final plat shall be conditioned upon compliance with:

. . . .

(b) Any municipal, town or county ordinance;

. . . .

Section 18.03, Municipal Code of New Berlin. *JURISDICTION AND APPROVAL.* (1) (a) (Ren. #456) No land within the City shall, after July 6, 1962, be divided by a subdivision plat (or certified survey map), nor shall any such documents be entitled to be recorded in the office of the Register of Deeds, nor may any streets be laid out, nor may any improvements be made to the land, until the provisions of this chapter and Ch. 236, Wis. Stats., are met, and the plat (or certified survey map) and the plan or plans of the subdivision shall have been approved by the Plan Commission and the Council and certified thereto by the City Clerk.

(b) *Survey of Division of Lots in Recorded Subdivisions.* (Cr. #456) Any division of lots in a subdivision recorded in the office of the Register of Deeds of Wau-

kesha County, shall be surveyed in accordance with the provisions of § 236.34(1)(a)–(d), Wis. Stats. No lands involving a division of lots in a recorded subdivision shall be sold until the survey thereof as herein provided has been approved by the Plan Commission and the City Council. The description of the lands provided by such survey shall, after approval by the Plan Commission and the City Council, be used in all conveyancing for all purposes including assessment, taxation, devise, descent and conveyance as defined in § 706.01(3), Wis. Stats.

Section 18.29, Municipal Code of New Berlin. (1) VARIANCE MAY BE PERMITTED. The Plan Commission, subject to final approval of the Council, where owing to special conditions a literal enforcement of the provisions of this chapter would result in practical difficulty or unnecessary hardship so that the spirit of this chapter shall be observed, public safety and welfare served, and substantial justice done, may approve a certified survey map, which includes in whole or in part, *parcels of land which do not meet one or more of the following: minimum lot area, minimum lot width, minimum open space, minimum setback, minimum side yard or minimum rear yard required in the district where said land is located.* [Emphasis added.]

The relevant portions of the applicable Wisconsin statutes and New Berlin ordinances pertaining to the zoning board of appeals are as follows:

Section 62.23(7)(e). *Board of appeals.* 1. The council which enacts zoning regulations pursuant to this section shall by ordinance provide for the appointment of a board of appeals, and shall provide in such regulations that said board of appeals may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained. *Nothing in this subdivision shall preclude the granting of special exceptions by the city plan commission or the common council in accordance with the zoning regulations adopted pursuant to this section which were in ef-*

*fect on July 7, 1973 or adopted after that date.* [Emphasis added.]

Section 17.44(3), Municipal Code of New Berlin. POWERS. (a) *Defined.* The Board of Appeals shall have the following powers as defined by statute:

. . . .
3. To authorize upon appeal in specific cases such variances from the terms of this Chapter as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of this chapter will result in practical difficulty or unnecessary hardship so that the spirit of this chapter shall be observed, public safety and welfare secured, and substantial justice done.

A reading of the above statutes and ordinances reveals that both the common council (or the agency to which such approving authority is delegated) and the zoning board of appeals are empowered to grant special exceptions and variances from zoning requirements. We must determine whether sec. 62.23(7)(e), Stats., and ch. 17 of the City of New Berlin ordinances pertaining to the zoning board of appeals or ch. 236, Stats., and ch. 18 of the ordinances pertaining to the platting of lands applies to the facts of this case.

The question as to the application of a statute to the particular facts of a case presents a question of law. *Bucyrus-Erie Co. v. DILHR,* 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146–47 (1979). Since all of these legislative enactments concern zoning requirements and the authority to grant variances, we conclude that these laws must be read *in pari materia. City of Milwaukee v. Milwaukee County,* 27 Wis. 2d 53, 56, 133 N.W.2d 393, 395 (1965).

The Westbrooks' application was one for approval of a certified survey map. It also presented a collateral question of compliance with the New Berlin zoning ordinance. The common council, subject to the prior approval

of the plan commission, is the exclusive body empowered to approve or disapprove a proposed plat or certified survey map. *See* sec. 236.10(1)(a) and (3), Stats. In addition, the plan commission is expressly authorized, subject to final approval of the common council, to grant variances from zoning requirements in the course of approving certified survey maps. *See* New Berlin, Wis., Municipal Code § 18.29(1) (1982).

The zoning board of appeals has no authority whatsoever to regulate or approve land divisions or the platting of lands. Its sole authority is to review determinations made by an administrative official relative to the enforcement of the zoning ordinance and to grant exceptions and variances from the zoning ordinance. *See* sec. 62.23(7)(e), Stats., and New Berlin, Wis., Municipal Code § 17.44(3) (1982).

These statutes and ordinances satisfy us that, when matters of noncompliance with a zoning ordinance are raised within the context of a request for approval of a certified survey map, the body vested with the ultimate approving authority over the platting request has the exclusive authority to address both considerations. That body, under the facts of this case, is the common council. This interpretation does no violence to the statutes and ordinances and is in keeping with the rule of statutory construction which holds that, when harmonizing arguably inconsistent statutes, the specific governs the general. *State v. Kruse,* 101 Wis. 2d 387, 393, 305 N.W.2d 85, 88 (1981). *See also* 2A Sutherland Statutory Construction § 51.05 (4th ed. 1973). Our interpretation accords to common councils (or the agency to which approving authority is delegated) their traditional and exclusive supervisory authority over land divisions and platting proposals, including matters raised therein involving compliance with existing zoning ordinances. This interpretation further accords to zoning boards of ap-

peals their traditional authority to pass upon requests for exceptions and variances from zoning ordinances in matters not related to applications for approvals of certified survey maps or plats.

Furthermore, sec. 62.23 (7) (e), Stats., while conferring authority on zoning boards of appeals to grant exceptions to zoning ordinances, *expressly retains* concurrent authority in the city plan commission or the common council to also consider such requests.

Westbrook argues (and the trial court decision intimates) that considerations of estoppel should apply against the city because a city planner directed the Westbrooks to the zoning board of appeals upon presentation of their proposed certified survey map.[2] However, erroneous acts of municipal officers do not afford a basis to estop a municipality from enforcing its ordinances enacted pursuant to the police power. *Snyder v. Waukesha County Zoning Board,* 74 Wis. 2d 468, 476–77, 247 N.W.2d 98, 103 (1976) ; *City of Milwaukee v. Leavitt,* 31 Wis. 2d 72, 76–77, 142 N.W.2d 169, 171–72 (1966).

*By the Court.*—Judgment reversed.

---

[2] This fact is not clearly documented in the record. However, the city's brief to the trial court acknowledged this history.