KETTLE MORAINE HOSPITAL, INC., a
Wisconsin not-for-profit corporation, Plaintiff-
Respondent and Cross-Appellant,

v.

John J. HALE, Dr. David T. Schuele,
individually and d/b/a D-S Investment and
Badger Enterprises, a Wisconsin partnership,
Defendants-Appellants and Cross-Respondents.

Court of Appeals

*No. 85–1095. Submitted on motion for summary disposition
September 12, 1985.—Decided February 12, 1986.*
(Also reported in 385 N.W.2d 514.)

For the defendants and cross-respondents a motion for summary disposition was submitted by *Robert J. McNeil* of Oconomowoc.

For the plaintiff-respondent and cross-appellant a brief in opposition to defendants' and cross-respondents' motion for summary disposition was submitted by *Daniel T. Dennehy* and *Daniel F. Miller* of *Purtell, Purcell, Wilmot & Burroughs, S.C.* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Moser, J.

PER CURIAM. Harry Rummel and William Stone, two of four defendants at the trial court level, have moved to dismiss the cross-appeal in Appeal No. 85–1095. Rummel and Stone assert that they are not parties to Appeal No. 85–1095 and thus cannot be affected by the cross-appeal filed as to them by respondent Kettle Moraine Hospital, Inc. In anticipation of that argument, Kettle Moraine also filed a separate notice of appeal. Rummel and Stone have also moved to dismiss that appeal, No. 85–1385, as not timely taken. Alternatively, a motion to consolidate the matters has been filed. Because we conclude that Kettle Moraine may raise, by cross-appeal, issues relating to the judgment's disposition of its claims against Rummel and Stone, we deny the motion to dismiss the cross-appeal in Case No. 85–1095. That disposition renders Appeal No. 85–1385 and the motion to consolidate superfluous and they are dismissed by separate order of even date.

Appeal No. 85–1095 was commenced on June 10, 1985 by John Hale and David Schuele, co-defendants with Rummel and Stone at the trial court level. That appeal is taken from the whole of the judgment entered on April 26, 1985. That judgment ordered reformation

of various lease and option agreements between Kettle Moraine and Hale and Schuele. Kettle Moraine was also awarded monetary damages in various amounts against Hale, Schuele and Rummel. Claims against Stone were dismissed.

Upon the commencement of the appeal process, Kettle Moraine sought to appeal that portion of the judgment which dismissed its claims against Stone and held that Rummel and Stone had not breached any fiduciary duty owed to Kettle Moraine and were not members of a conspiracy to injure it. On July 2, 1985, Kettle Moraine filed both a notice of cross-appeal in Case No. 85–1095 and a separate notice of appeal, which was docketed as Case No. 85–1385.

The issue now before the court is whether Kettle Moraine may proceed by cross-appeal in its challenge to those portions of the judgment favorable to Rummel and Stone. We conclude that it may. The Hale and Schuele appeal was taken from the whole of the judgment entered on April 26, 1985. If Rummel and Stone are adverse to the appellants, they would be respondents to the appeal. Rule 809.01(6), Stats. To determine adversity, the parties and this court must look to the notice of appeal and the judgment or order appealed from. Because the appeal is taken from the whole of the judgment, Rummel and Stone, as dismissed co-defendants, do appear to have an interest adverse to the appellants, nondismissed co-defendants. Thus, Rummel and Stone are parties to the appeal as respondents.

Kettle Moraine is also a respondent. A respondent who seeks a modification of the judgment or order appealed from or of another judgment or order entered in the same action proceeds by notice of cross-appeal. Rule 809.10(2)(b), Stats. Kettle Moraine is seeking re-

view of various trial court findings and the dismissal of Rummel and Stone based on those findings. Rule 809.10(2)(b) allows review of those rulings by cross-appeal, even though the adverse parties on those issues may not include the original appellants.

Our conclusion is consistent with the intent of Rule 809.10, Stats., which is designed to treat all appeals arising out of the same case and filed within the same appeal period as a single appeal and not as separate cases. 1978 Judicial Council Committee's Note to Rule 809.10. The rules of appellate procedure are not designed to be a trap for the unwary. *Northridge Bank v. Community Eye Care Center, Inc.,* 94 Wis.2d 201, 203, 287 N.W.2d 810, 811 (1980). Once an appeal is commenced, a respondent may seek review of those aspects of the judgment adverse to it. The rules do not limit that right to rulings directly involving the appellant. Both litigants and judicial economy gain by a comprehensive appeal process.

*By the Court.*—Court has jurisdiction over both the Appeal and Cross-Appeal No. 85–1095; motion to dismiss denied.