IN RE the MARRIAGE OF: Jacqueline ROSSMIL-
LER, Petitioner-Respondent-Cross Appellant,†

v.

Charles T. ROSSMILLER, Respondent-Appellant-
Cross Respondent.

Court of Appeals

*No. 88-2231. Submitted on motion February 10, 1989.—
Decided June 14, 1989.*

(Also reported in 444 N.W.2d 445.)

†Petition to review denied.

On behalf of the petitioner-respondent-cross appellant, a motion was submitted by *Bonnie M. Abramoff* of *Podell & Podell* of Milwaukee.

On behalf of the respondent-appellant-cross respondent, a response to the motion was submitted by *John O. Olson* of *Braden & Olson* of Lake Geneva.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

PER CURIAM.  This court, *sua sponte,* raised the issue of jurisdiction over the cross-appeal in this case. The issue presented is whether under Rule 809.14(3), Stats., the filing of a motion to dismiss the appeal extends the time for filing a notice of cross-appeal. We conclude it does not and dismiss the cross-appeal as not timely filed.

A judgment of divorce was entered on November 11, 1988. A notice of entry of judgment was filed by the cross-appellant on November 15, 1988, and served on the appellant. Appellant filed a notice of appeal on November 28, 1988. On December 2, 1988, the cross-appellant filed a motion to dismiss the appeal on the grounds that the judgment appealed was not final. The notice of cross-appeal was filed by a fax transmission on December 29, 1988 and by mail delivery to the circuit court clerk on January 3, 1989.

A notice of cross-appeal must be filed "within the period established by law for the filing of a notice of appeal, or 30 days after the filing of a notice of appeal, whichever is later." Rule 809.10(2)(b), Stats. Because a timely notice of entry of judgment was given, the applicable appeal period was forty-five days. *See Dobberfuhl*

*v. Madison White Trucks, Inc.,* 118 Wis. 2d 404, 406, 347 N.W.2d 904, 905 (Ct. App. 1984). Here, the last date for filing the notice of appeal was December 28, 1988, thirty days from the filing of the notice of appeal. Therefore, the notice of cross-appeal, filed December 29, 1988 or January 3, 1989, was not timely filed. Timely filing of a notice of cross-appeal is jurisdictional. *Id.*

The cross-appellant argues that the time for commencing the cross-appeal was enlarged for a period equal to the time that her motion to dismiss the appeal was pending before this court. The cross-appellant relies on Rule 809.14(3), Stats., which provides that "[t]he filing of a motion seeking an order or other relief which may affect the disposition of an appeal . . . automatically enlarges the time for performing an act required by these rules for a period coextensive with the time between the filing of the motion and its disposition." Under the cross-appellant's view, seventy-five days would be added to the time for filing the notice of cross-appeal (the motion to dismiss filed December 2, 1988 was pending until February 15, 1989) and the notice was not due until March 12, 1989.

The time for filing a notice of appeal or cross-appeal in a civil appeal may not be enlarged. Rule 809.82(2)(b), Stats. The cross-appellant argues that Rule 809.82(2)(b) simply prohibits a specific motion to enlarge the time to file a notice of appeal or cross-appeal and that it does not prohibit the automatic enlargement of time which occurs by operation of Rule 809.14(3), Stats. She further claims that an ambiguity or conflict exists between Rules 809.14(3) and 809.82(2)(b) because Rule 809.14(3) applies to all acts required by the rules and does not exclude the filing of a notice of appeal or cross-appeal.

Under the circumstances here, Rules 809.14(3) and 809.82(2)(b), Stats., appear to conflict. When confronted with an apparent conflict between statutes, we construe sections on the same subject matter to harmonize the provisions and to give each full force and effect. *Bingenheimer v. DHSS,* 129 Wis. 2d 100, 107, 383 N.W.2d 898, 901 (1986). Thus, it follows that the tolling provision in Rule 809.14(3) does not apply to the time for filing notices of appeals or cross-appeals which cannot be extended under Rule 809.82(2)(b). To hold otherwise would nullify Rule 809.82(2)(b) because a party could obtain an extension of time for filing a notice of appeal or cross-appeal simply by filing a motion within the scope of Rule 809.14(3). This interpretation is also consistent with the rule of statutory construction that, when harmonizing arguably inconsistent statutes, the specific governs the general. *State ex rel. Westbrook v. City of New Berlin,* 120 Wis. 2d 256, 261, 354 N.W.2d 206, 209 (Ct. App. 1984).

The cross-appellant argues that the automatic extension must apply in order to give effect to the legislative purpose behind Rule 809.14(3), Stats. That purpose, she claims, is to avoid unnecessary actions in an appeal or in commencing a cross-appeal when the appeal may be dismissed altogether. While this is an appropriate consideration when a motion to dismiss is claimed to automatically extend the time for filing a notice of cross-appeal, it is a concept which is not applicable when other types of motions within the scope of Rule 809.14(3) are filed. Further, the concept allows a party to unilaterally obtain an extension of time to file a cross-appeal merely by filing a motion within the scope of Rule 809.14(3), regardless of the merits of the motion.

The automatic extension is not warranted simply to allow a party additional time in deciding whether to cross-appeal. If a written final judgment aggrieves a cross-appellant in some manner, the cross-appeal is not dependent on the existence of an appeal. Furthermore, Rule 809.10(2)(b), Stats., provides that a cross-appellant has the same rights and obligations as an appellant. An appellant would never be able to obtain an automatic extension of the time for filing a notice of appeal under Rule 809.14(3), Stats. Thus, like an appellant, a cross-appellant must timely file a notice of cross-appeal for the court to acquire jurisdiction, *see* Rule 809.10(1)(b), without the benefit of any extensions of time.

Finally, the cross-appellant requests that in the event we conclude that her time for filing a notice of cross-appeal was not enlarged by Rule 809.14(3), Stats., that we give our decision prospective operation only so as not to bar her cross-appeal. Prospective operation is not possible. Timely filing of a notice of cross-appeal is jurisdictional. *Dobberfuhl,* 118 Wis. 2d at 406, 347 N.W.2d at 905. Courts are required by law to observe the limits of their powers and therefore may not extend their jurisdiction. *See State ex rel. Teaching Assts. Ass'n v. University of Wisconsin-Madison,* 96 Wis. 2d 492, 495, 292 N.W.2d 657, 659 (Ct. App. 1980). We have no jurisdiction to do anything other than dismiss the cross-appeal.

*By the Court.*—Cross-appeal dismissed.