ESTATE OF Patrick DONNELL, James Konat, Susan Konat, Gordon Julson, Dawn Julson, Hildegard Magewski, Thomas Aubinger, Carol Donnell, Kathleen Donnell, Estate of Robert Johnson, Elmer Bohlman, David Roubik, Geraldine Roubik, Lorraine Hegerty, Vaughn Henk, Walter Blankenship, Gerald Kobus and Frances Pfeffer, Plaintiffs-Appellants-Cross Respondents,

v.

CITY OF MILWAUKEE and Target Stores, a division of Dayton Hudson Corporation, Defendants-Third Party Plaintiffs-Respondents-Cross Appellants,

v.

MILWAUKEE METROPOLITAN SEWERAGE COMMISSION, RSP Architects, Ltd., Setter, Leach & Lindstrom, Inc. and J.C. Zimmermann Engineering, Corp., Third Party Defendants-Cross Respondents.

Court of Appeals

*No. 90-1844. Submitted on Motions October 11, 1990 & December 26, 1990.—Decided January 15, 1991.*

(Also reported in 466 N.W.2d 670.)

530

For the third party defendant-cross respondent Milwaukee Metropolitan Sewerage Commission, a motion was submitted by *Godfrey, Trump & Hayes* by *Edward A. Hannan,* of Milwaukee.

For the third party defendant-cross respondent Setter, Leach & Lindstrom, Inc., a motion was submitted by *Frisch Dudek, Ltd.* by *Michael J. Lund,* of Milwaukee.

For the third party defendant-cross respondent RSP Architects, Ltd., a response was submitted by *Kluwin, Dunphy, Hinshaw & Culbertson* by *Thomas K. Mullins,* of Milwaukee.

For defendant-third party plaintiff-respondent-cross appellant Target Stores, a response was submitted by *Michael, Best & Friedrich* by *Thomas G. Herz,* of Milwaukee.

For third party defendant-cross respondent J.C. Zimmermann Engineering, Corp., a response was sub-

mitted by *Quarles & Brady* by *Carolyn A. Gnaedinger,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

PER CURIAM. This case was initiated by approximately 108 residents of a topographically low area near an outlet of a storm sewer draining approximately 648 acres in the City of Milwaukee. The sewer is allegedly capable of handling only "a two-year storm event." These residents' properties were allegedly flooded four times in three years by overland flow and sewerage back-ups. The residents sued the City of Milwaukee and Target stores for negligence, trespass, nuisance and condemnation. The City and Target in turn filed third-party complaints against Milwaukee Metropolitan Sewerage Commission, Setter-Leach, RSP Architects, Ltd., and Zimmermann Engineering corporation for indemnity and contribution.

On June 27, 1990, the trial court entered an order granting the summary judgment motions brought respectively by the City and Target and dismissed the residents' complaint. At the same time, the trial court dismissed Target's and the City's respective third-party claims for indemnity and contribution against the third-party defendants.

On August 9, 1990, eighteen of the residents filed a notice of appeal. The notice was narrowly drawn. It indicated that the residents appealed "from that portion of the Order granting Summary Judgment to the Defendant City of Milwaukee." On September 6, 1990, the City filed a cautionary cross-appeal containing the following language:

> This cross-appeal is being taken only in the event that the court of appeals reverses the judgment and determines that the circuit court erred in dismissing

the city of Milwaukee. If the court of appeals reverses that judgment, then the city of Milwaukee also seeks to have it reverse the judgment of dismissal with respect to Target.

On September 28, 1990, Target filed a cross-appeal challenging the trial court's dismissal of its claim for third-party contribution and indemnity. The third-party cross-respondents, Milwaukee Metropolitan Sewerage Commission, Setter-Leach, RSP Architects, Ltd. and Zimmermann Engineering (the cross-respondents), have moved this court to dismiss Target's cross-appeal as untimely under Rule 809.10(2)(b), Stats. Target opposes the motion and has requested that costs and fees be awarded to it pursuant to Rule 809.25, Stats.

Cross-appeals are governed by Rule 809.10(2)(b), Stats.:

> A respondent who seeks a modification of the judgment or order appealed from or of another judgment or order entered in the same action or proceeding shall file a notice of cross-appeal within the period established by law for the filing of a notice of appeal, or 30 days after the filing of a notice of appeal, whichever is later. A cross-appellant has the same rights and obligations as an appellant under this chapter.

A respondent is one adverse to an appellant or cross-appellant. *See* Rule 809.01(6), Stats.; *Kettle Moraine Hosp. Inc. v. Hale,* 129 Wis. 2d 373, 375, 385 N.W.2d 514, 515 (Ct. App. 1986). Adversity[1] is determined by

---

[1]The cross-respondents argue that Target was a respondent because Target was identified as a respondent in the residents' statement on transcript. The assertion lacks authority and merit. A party's status as a respondent turns on its adversity to the

review of "the notice of appeal and the judgment or order appealed from." *Id.*

The residents' notice of appeal only sought to challenge the trial court's grant of summary judgment to the City. The notice did not request this court to review the trial court's grant of summary judgment to Target.[2] It follows that Target was not an adverse party to the homeowners' appeal and thus not a respondent in that appellate proceeding within the meaning of Rule 809.10(2)(b), Stats.

The cross-respondents, relying on the federal rules of civil procedure, contend that our rules do not permit successive cross-appeals. Specifically, the cross-respondents note that the stacking of successive cross-appeal periods has never been permitted under federal practice. From these assertions, the cross-respondents conclude that Target's cross-appeal must be untimely.

Under the federal rules, cross-appeals may be initiated by any party. Fed. R. App. P. 4(a)(3). Under the Wisconsin system, cross-appeals are initiated only by a respondent under Rule 809.10(1)(b), Stats. The time limits in Rule 809.10(2)(b) governing cross-appeals are jurisdictional and cannot be extended. Rule 809.10(1)(b), Stats. Under federal procedure, a party has fourteen days after an appeal has been filed to file a cross-appeal, Fed. R. App. P. 4(a)(3); however, that period is not jurisdictional and may be extended by motion to the court. *See* Fed. R. App. P. 4(a)(5). Given the substantive differences between the Wisconsin and federal rules governing

matter appealed from, not the status assigned to a party on a statement on transcript.

[2]The residents' docketing statement also narrowly focused on that part of the trial court's judgment granting relief to the City.

cross-appeals, the federal prohibition against stacking cross-appeals is not applicable.

Finally, the cross-respondents rely on *Rossmiller v. Rossmiller*, 151 Wis. 2d 386, 391, 444 N.W.2d 445, 447 (Ct. App. 1989), where the court stated: "If a written final judgment aggrieves a cross-appellant in some manner, the cross-appeal is not dependent on the existence of an appeal." From this statement, the cross-respondents argue that Target was on notice upon the filing of the homeowners' notice of appeal that Target had no more than thirty days in which to file its cross-appeal. We disagree.

The statement in *Rossmiller* on which they rely is *dictum* appearing in an opinion adjudicating whether a motion to dismiss an appeal extends the time for filing a cross-appeal. This court held that such a motion did not. The relevant facts and holding of *Rossmiller* are inapposite to the facts presented and legal principles implicated by this controversy. The timely filing of a notice of appeal is jurisdictional. *See id.* Here, Target filed its notice of cross-appeal within thirty days of the City's cross-appeal, the first appeal in this case to which Target was a respondent. Accordingly, Target's cross-appeal was timely and the court has jurisdiction over it. Target's request for costs and fees pursuant to Rule 809.25, Stats., is denied.

*By the Court.*—Court has jurisdiction over the cross-appeal; motions to dismiss denied.