PLAINS & PRAIRIE IMPLEMENT, INC., A Montana Corporation, Plaintiff and Respondent, v. AG-MANAGEMENT & ASSOCIATES, a Partnership, et al., Defendants and Appellants.

No. 89-522, 90-140.
Decided May 14, 1990.
794 P.2d 332.

## OPINION AND ORDER

Appellants have filed herein a petition for rehearing, asking this Court to reconsider our Order of April 17, 1990, which granted respondent's motion to dismiss appellants' appeal.

This motion comes to us following several procedural maneuvers. On August 22, 1989, the Sixteenth Judicial District Court, Custer County, entered judgment in favor of respondent. On August 31, 1989, appellant filed a motion for new trial. Under Rule 59(d), M.R.Civ.P., the District Court had 45 days in which to rule upon the motion or it would be deemed denied. On October 12, 1989, three days prior to the expiration of the 45-day period, appellants filed a notice of appeal with the District Court.

After the appeal had been briefed by both parties and submitted to this Court, respondent filed a motion to dismiss on the ground that the notice of appeal had been prematurely filed, rendering it ineffective under Rule 5(a)(4), M.R.App.P. On January 9, 1990, we granted the motion to dismiss. We denied appellants' subsequent petition for rehearing. On February 28, 1990, remittitur was issued.

On March 13, 1990, appellants filed another notice of appeal. Respondent requested dismissal of the second appeal, which this Court granted on April 17, 1990. Appellants now ask us to reconsider that ruling.

Rule 5(a)(4), M.R.App.P., specifically provides that a notice of appeal filed before the disposition of a motion for new trial ''shall have no effect.'' The rule further states that ''[a] new notice of appeal must be filed within the prescribed time [30 days] measured from the . . .date of the expiration of the 45-day period established in Rule 59(d), Montana Rules of Civil Procedure.''

█ Rule 5(a)(4), M.R.App.P., is jurisdictional. Notice of appeal must be propérly and timely filed with the district court before this Court may exercise jurisdiction over a cause. *Price v. Zunchich*, 188 Mont. 230, 235, 612 P.2d 1296, 1299 (1980). In order to prevent taking jurisdiction away from the district court prior to that court's disposition of all of the matters before it, Rule 5(a)(4) provides that a prematurely filed notice of appeal has no effect. Therefore, a notice of appeal that is filed too early does not vest jurisdiction in this Court. Rather, it leaves jurisdiction in the hands of the district court.

█ Although Rule 5(a)(5), M.R.App.P., allows the district court to extend the time for filing notice of appeal upon a showing of excusable neglect or good cause, the appellant must file such a request within 30

days after the initial 30-day period for filing notice of appeal has expired. The rule limits the length of the extension that the district court may grant by providing, "No such extension shall exceed 30 days past such prescribed time [the original 30-day period] or 10 days from the date of entry of the order granting the motion, whichever occurs later."

In the present case, appellants filed the original notice of appeal prior to the expiration of the 45-day period. Therefore, the original notice had no effect. It left jurisdiction in the District Court, allowing the 45-day period to run. This Court could have obtained jurisdiction over the cause only if appellants had either: 1) filed a second notice of appeal within 30 days after the expiration of the 45-day period; or 2) within 30 days after the expiration of the original 30-day period, filed a motion with the District Court for an extension of time for filing the notice of appeal. Appellants failed to take either route. Instead, they filed their second notice of appeal on March 13, 1990, well after the original 30 days and the 30-day extension period had expired.

After considering the petition of the appellants and the facts of the case herein,

IT IS ORDERED:

1. Appellants' petition for rehearing is DENIED.

2. The Clerk of this Court shall mail copies of this Order to counsel of record for both parties.

DATED this 14th day of May, 1990.

s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/Diane G. Barz, Justice
s/John C. Sheehy, Justice
s/William E. Hunt, Sr., Justice
s/R.C. McDonough, Justice
s/Fred J. Weber, Justice